# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MUNIR CHAUDHRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 2:12-CV-469 |
| ) | (2:09-CR-218) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE# 211), filed by Petitioner on November 13, 2012; and (2) Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE# 216), filed by Petitioner on March 4, 2013.

For the reasons set forth below, Petitioner's section 2255 petition (DE# 211) is **TAKEN UNDER ADVISEMENT in part and DENIED in part**. Petitioner's claim that Attorney Vandercoy was constitutionally ineffective for failing to file a notice of appeal is **TAKEN UNDER ADVISEMENT**. Petitioner's claim that Attorney Holesinger was constitutionally ineffective is **DENIED**.

The Clerk is **ORDERED** to appoint counsel for Petitioner in this

action within 14 days of the date of this order. Because of the nature of the claims raised by Petitioner, the Clerk is **FURTHER ORDERED** not to select for Petitioner either attorney who represented him in the underlying criminal case. Once an appointed attorney has been named, the Clerk is **FURTHER ORDERED** to provide that attorney with copies of Petitioner's section 2255 motion, the Government's response, and this order.

Petitioner's amended habeas petition (DE# 216) is **DENIED** as an impermissible successive collateral attack.

BACKGROUND

On November 5, 2009, a grand jury returned an indictment charging Petitioner with conspiracy, the illegal payment of kickbacks, making false statements to a federal law enforcement officer and health care fraud. On the third day of trial, Petitioner entered a guilty plea to all counts of the indictment, except Count 4, which charged him with making false statements. Count 4 was dismissed at the time Petitioner entered his guilty plea on the remaining counts of the indictment.

Petitioner was originally represented by Attorney Clark Holesinger. Attorney Holesinger represented Petitioner through the first three days of trial and during the Petitioner's plea of guilty. However, after Petitioner pleaded guilty, a breakdown in communication between himself and Attorney Holesinger took place

and the Court appointed Attorney David Vandercoy to represent Petitioner through sentencing.

On November 30, 2011, Petitioner was sentenced to a term of 27 months of imprisonment, four years of supervised release, and a $100 special assessment on each count, to be served concurrently. No notice of appeal was filed and no appeal was submitted to the Seventh Circuit.

In the instant pro se habeas petition, Petitioner raises various claims directed at the performance of his attorneys. With regards to Attorney Vandercoy, Petitioner alleges that, despite his expressed desire to appeal, Attorney Vandercoy did not file the required notice of appeal. With regards to Attorney Holesinger, Petitioner alleges that he was constitutionally ineffective because Attorney Holesinger: (1) failed to file a motion to dismiss the indictment under Rule 6(d) of the Federal Rules of Criminal Procedure: (2) failed to file a motion to suppress the indictment; (3) convinced Petitioner to plead guilty by assuring him that Petitioner would not go to jail; and (4) never reviewed the PSR with Petitioner.

In response, the Government essentially ignores Petitioner's arguments. The Government fails to address any of Petitioner's individualized arguments and simply asserts that because Chaudhry does not make particularized allegations, his habeas petition must be denied. The Government does not even acknowledge that

Petitioner complains about Attorney Vandercoy not following his instructions to initiate an appeal.

DISCUSSION

Facts

On the third day of trial, Petitioner decided to plead guilty. The Court halted the trial proceedings and conducted a change of plea hearing, where the following colloquy took place regarding pleading guilty without the benefit of a plea agreement:

> Q: Mr. Chaudhry, it has come to my attention that you wish to enter a plea of guilty to all of the counts of the indictment except Court Four; is that correct?
>
> A: Yes, Your Honor.
>
> Q: And, Mr. Chaudhry, I explained this to you a second ago, but I'll go over it again. It is my understanding that you wish to plead in the blind; in other words, with no promises of any kind.
>
> A: Yes, Your Honor.
>
> ***
>
> Q: But there are no promises. Do you understand that?
>
> A: Yes, Your Honor.
>
> ***
>
> Q: Do you know of any promises of any kind that have been made in this case?

A: No, sir.

(DE# 98, Tr., pp. 2-4).

Petitioner was then placed under oath and engaged in further discussions with this Court.

Q: Are you fully satisfied with the counsel, representation and advice given to you by Mr. Holesinger as your attorney?

A: Yes, Your Honor.

Q: Mr. Chaudhry, do you understand that at this time, I can't tell you what sentence, if any, you're going to get in this case?

A: Yes, Your Honor.

***

Q: Mr. Chaudhry, has anyone, including your own lawyer, any lawyer for the government, any government agent or anyone else made any promise or assurance to you of any kind in an effort to induce or cause you to enter a plea of guilty in this case?

A: No, Your Honor.

***

Q: Has anyone, including your own lawyer, any lawyer for the government, any government agent or anyone else attempted in any way to force you to plead guilty in this case?

A: No, Your Honor.

(DE# 98, Tr., pp. 8-13).

Petitioner was then informed of the potential penalties faced by pleading guilty.

> Q: For all these counts, the most you're looking at is 50 years in jail, a fine of up to $1,500,000 . . . and 18 years of supervised release . . .. Do you understand that?
>
> A: Yes, Your Honor?
>
> Q: And, of course, Mr. Chaudhry, your sentence could be somewhere between the minimum and the maximum as I have just described. Do you understand that?
>
> A: Yes, Your Honor.

(DE# 98, Tr., pp. 19-20).

The Court discussed Petitioner's expectation of what imprisonment he may receive.

> Q: Has anyone, including your own lawyer, any lawyer for the government, any government agent or anyone else made any prediction, prophecy or promise to you as to what your precise sentence will be?
>
> A: No, Your Honor.

(DE# 98, Tr., p. 22).

Defendant then provided a factual basis, explaining how he was guilty to each of the offenses. (DE# 98, Tr., pp. 28-39). Defendant then pleaded guilty to Counts One, Two, Five, Six, Seven

and Eight of the indictment.  (DE# 98, Tr., pp. 46-47).

After pleading guilty, Petitioner and Attorney Holesinger had a breakdown of communication.  As a result, Attorney Holesinger was permitted to withdraw from the case and the Court appointed Attorney David Vandercoy to represent Petitioner.  (DE##'s 117, 118).

Sentencing commenced on August 11, 2011 and concluded on November 30, 2011.  During the August 11 hearing, the Court made sure that the parties had received and reviewed the presentence investigation report ("PSR").

> Q: Mr. Vandercoy, did both you and your client receive and review a copy of the presentence investigation report and the addendum setting forth any objections counsel have made that need to be resolved at this hearing before the sentencing hearing?
>
> A: (Vandercoy) I did, Your Honor.
>
> Q: Mr. Chaudhry, did you receive and review a copy of the presentence investigation report with the addendum and go over its contents with your attorney prior to today?
>
> A: Yes, Your Honor.

(Aug. 11, 2011, Sent. Hearing, p. 2)[1].  The hearing included the parties presenting evidence and arguments as to the objections to

---

[1] An official transcript of the sentencing hearings has not been created to date.  The Court has reviewed and relied upon the unofficial transcript made available by the court reporter.

the PSR. The Court ordered the parties to file a brief regarding the evidence and objections and continued the sentencing hearing. The sentencing hearing resumed on November 30, 2011. Ultimately, Petitioner was sentenced to a term of 27 months imprisonment on each of Counts 1, 2, 5, 6, 7 and 8, to be served concurrently.

As indicated above, no notice of appeal was filed, and no appeal was presented to the Seventh Circuit. Instead, Petitioner filed the instant motion arguing that both his trial counsel provided constitutionally deficient assistance.

DISCUSSION

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can

> reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

### Ineffective assistance claim against Attorney Vandercoy for failure to file a notice of appeal

Because the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," the threshold inquiry is whether Attorney Vandercoy ignored Petitioner's wishes. *Flores-Ortega*, 528 U.S. at 477. Petitioner's allegation that he asked Attorney Vandercoy to file an appeal, but Attorney Vandercoy nevertheless did not file a notice of appeal entitles him to a hearing on the issue of whether Attorney Vandercoy's decision not to file the notice was professionally deficient and prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984); *Stoia v. United States*, 22 F.3d

766, 768 (7th Cir. 1994) (where section 2255 petitioner alleges facts sufficient to establish a prima facie case of ineffective representation, he is entitled to an evidentiary hearing); *See also Flores-Ortega*, 528 U.S. at 477-486 (describing multi-step analysis and relevant considerations); *Kitchen v. United States*, 227 F.3d 1014, 1019-21 (7th Cir. 2000) (analyzing, after *Flores-Ortega*, performance and prejudice tests in context of counsel's "inadverten[t]" failure to file notice of appeal).

Notably, in assessing whether Attorney Vandercoy's failure to file a notice of appeal prejudiced Petitioner, the Court need not consider the merits of the arguments that Petitioner might have made on direct appeal. Where a defendant can demonstrate that his attorney's performance was deficient and deprived him of an appeal that he would have otherwise pursued, there is no need to assess the merits of the underlying appellate issues – prejudice will simply be presumed. *Flores-Ortega*, 528 U.S. at 484. That is because, under such circumstances, the defendant has been "denied counsel at a critical stage," which renders "the adversary process itself . . . presumptively unreliable." *Id.* at 483. "When '[n]o one has looked at the record with an advocate's eye,' possible arguments on appeal are not even identified by an attorney, and it would be difficult for a court to evaluate the likelihood of success on appeal when the potential issues on appeal were never identified." *Kitchen*, 227 F.3d at 1021 (quoting *Castellanos v.*

*United States*, 26 F.3d 717, 718 (7th Cir. 1994)).

For Petitioner, this means that, regardless of what transpires at the above-described evidentiary hearing, in deciding whether Petitioner deserves a fresh appeal, the Court will not address the merits of Petitioner's claims. Instead, if the Court finds that Attorney Vandercoy's decision not to file a notice of appeal was professionally deficient and prevented Petitioner from pursuing an appeal that he otherwise would have taken, the Court will vacate its judgment and reimpose the *same* sentence to permit a timely appeal. *United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000) (dismissing as untimely defendant's direct appeal but recommending that defendant pursue an ineffectiveness claim against his lawyer by filing section 2255 motion which, if successful, would permit district court to "vacate the judgment and reimpose the sentence to permit an appeal"); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) (explaining that, starting on the eighth day following sentencing, Fed.R.Crim.P. 35 only allows district courts to alter sentences upon remand from the court of appeals).

By securing an evidentiary hearing on his claim, Petitioner is automatically entitled to receive the assistance of an appointed attorney. *See* Rules Governing Section 2255 Proceedings For the United States District Courts, Rule 8© (judge who grants evidentiary hearing "shall" appoint counsel for otherwise-qualified petitioners). The nature of Petitioner's claim dictates that

neither Attorney Holesinger nor Attorney Vandercoy represent Petitioner in this action. *See Taglia*, 922 F.2d at 418 (attorney cannot be expected to argue her own ineffectiveness).

Ineffective assistance claims against Attorney Holesinger

Petitioner's claims of alleged ineffectiveness against Attorney Holesinger do not fare as well. To start, Petitioner's first two claims - that Attorney Holesinger did not file a motion to dismiss under Rule 6(d) of the Federal Rules of Criminal Procedure nor a motion to suppress the indictment - must be dismissed because they are conclusory and unsupported. It has long been established that mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Neither of these claims allege that the result of the plea was fundamentally unfair or unreliable; thus, they must fail. *Lockhart,* 506 U.S. at 369. Indeed, Petitioner wholly fails to detail the purported deficient performance or resulting prejudice of Attorney Holesinger not filing either a motion to dismiss or suppress. *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005)(dismissing ineffective assistance claim based on petitioner's failure to present facts necessary to substantiate it).

Petitioner's third claim - that Attorney Holesinger convinced

him to plead guilty by assuring him that he would receive no jail time - is contrary to Petitioner's prior statements under oath. During his Rule 11 colloquy, Petitioner explicitly informed that Court that no one, including his own lawyer, made any promises or assurances as to what his sentence would be. Because Petitioner's prior statements under oath were credited by this Court, his present conflicting claims fail. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999); *United States v. Suggs*, 374 F.3d 508, 520 (7th Cir. 2004).

Petitioner's fourth claim - that Attorney Holesinger never showed or reviewed the PSR with Petitioner - is also contrary to Petitioner's prior in court statements. During the August 11, 2011, sentencing hearing, Petitioner informed the Court that he had received and reviewed the PSR and reviewed it with his attorney. As such, this current claim fails as well. *Id.*

Amended Section 2255 Petition

On March 4, 2013, Petitioner filed an amended section 2255 petition. (DE# 216). This motion is essentially a second or successive motion. Such a filing is impermissible absent permission, which Petitioner has not received. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). Accordingly, this petition

is **DENIED**.[2]

CONCLUSION

For the reasons set forth above, Petitioner's section 2255 petition (DE# 211) is **TAKEN UNDER ADVISEMENT in part and DENIED in part**. Petitioner's claim that Attorney Vandercoy was constitutionally ineffective for failing to file a notice of appeal is **TAKEN UNDER ADVISEMENT**. Petitioner's claim that Attorney Holesinger was constitutionally ineffective is **DENIED**.

The Clerk is **ORDERED** to appoint counsel for Petitioner in this action within 14 days of the date of this order. Because of the nature of the claims raised by Petitioner, the Clerk is **FURTHER ORDERED** not to select for Petitioner either attorney who represented him in the underlying criminal case. Once an appointed attorney has been named, the Clerk is **FURTHER ORDERED** to provide that attorney with copies of Petitioner's section 2255 motion, the Government's response, and this order.

Petitioner's amended habeas petition (DE# 216) is **DENIED** as an impermissible successive collateral attack.

**DATED: May 22, 2013** /s/RUDY LOZANO, Judge
**United States District Court**

---

[2] This is really inconsequential, though, as the amended petition raises essentially the same ineffective assistance of counsel claims as the original.